IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO.: 2:24-cr-00507-RMG-1 |
| ) | |
| v. ) | |
| ) | |
| WILLIAM CHAN ) | |

**PRELIMINARY ORDER OF FORFEITURE
AS TO WILLIAM CHAN**

This matter is before the court on the motion of the United States for a Preliminary Order of Forfeiture as to Defendant William Chan, ("Chan", "Defendant"), based upon the following:

1. On July 2, 2024, an Information ("Information") was filed charging William Chan with conspiracy to commit wire faud, in violation of 18 U.S.C. § 371 and 18 U.S.C. §1343.

2. Pursuant to Fed. R. Crim. P. 32.2(a), the Information contained a forfeiture allegation providing that, upon Chan's conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States. As specified therein, such assets include, but are not limited to, the following:

Forfeiture Judgment/Proceeds:[1]

A sum of money equal to all proceeds the Defendants obtained directly or indirectly as the result of the offense charged in this Information, that is, a minimum of $3,251,086.00 and all interest and proceeds traceable thereto, and/or such sum that equals all property traceable to their violation of 18 U.S.C. § 371.

3. On June 27, 2024, Chan signed a plea agreement, agreeing to forfeiture, and on August 12, 2024 entered into a plea of guilty as to the Information.

---

[1] The government is pursuing a forfeiture judgment against the defendant. The amount of the forfeiture judgment will be determined at sentencing.

4. Based upon Defendant's conviction, the court has determined that the government has established the requisite nexus between the amount of proceeds and the offenses for which William Chan has been convicted; therefore, the United States is entitled to a preliminary order of forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights. The court has determined that the property described above is subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Therefore, it is ORDERED that all property, real or personal, which constitutes or is derived from proceeds traceable to the Defendant's violation of 18 U.S.C. § 371 are subject to forfeiture.

5. The Court further finds that one or more of the conditions set forth in Title 21, United States Code, Section 853(p), exists.

6. It is, therefore, ORDERED that the United States is entitled to forfeit substitute assets equal to the value of the proceeds obtained by Defendant William Chan as a result of his violation of 18 U.S.C. § 371 and that such substitute assets shall not exceed the value of the proceeds Defendant William Chan obtained.

Accordingly, it is hereby **ORDERED,**

1. The below-described property, and all right, title, and interest of the Defendant, William Chan, in and to such property, is hereby forfeited to the United States of America, for disposition in accordance with law, subject to the rights of third parties in such property under 21 U.S.C. § 853(n).

2. FORFEITURE IS ENTERED against William Chan and in favor of the United States for an undetermined amount. The United States may at any time move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property to satisfy the forfeiture judgment.

3. The United States may sell or otherwise dispose of any substitute assets in accordance with law as required to satisfy the above imposed judgment.

4. Upon entry of this Order, the Government is further authorized to conduct discovery to identify, locate, or other substitute assets, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

5. The government is not required to publish notice regarding the judgment against Defendant; however, the Order shall be recorded in the records of the County Clerk's Office in the County of the debtor's residence, place of business, and any and all other counties in which the debtor has either real or personal property, as a lien thereon.

6. Upon entry of the criminal judgment, this Order becomes final as to Defendant, and shall be made a part of the sentence and included in the criminal judgment.

7. The court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

8. The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

> s/ Richard Mark Gergel
> RICHARD M. GERGEL
> UNITED STATES DISTRICT JUDGE

December 30, 2024
Charleston, South Carolina